IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ELBERT WALKER, JR.,<br><br>Plaintiff,<br><br>v.<br><br>DISMAS CHARITIES, INC., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:21-CV-460 (MTT)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Pro se plaintiff Elbert Walker, Jr. has moved for default judgment against Defendants Dismas Charities, Inc., Carol Oates, and Kimberly Johnson. Doc. 7. For the following reasons, that motion is **DENIED**.

### I. BACKGROUND

The following facts are deemed admitted because of the defendants' default. Walker was released from federal prison to home confinement in June 2020. Walker appears to allege that his home confinement was supervised by Defendant Dismas Charities; he does not allege that he ever lived at property owned by Dismas Charities. Doc. 1 at 2. Defendant Johnson, an employment specialist at Dismas Charities, approved Walker to work for a construction company in March 2021. *Id*. at 2-3. Shortly after Walker began working with the construction company, the defendants stopped him from working "without any valid reason." *Id*. at 3. Later, in September 2021, Johnson again approved Walker for work with the same construction company. But, a month

later, she again stopped Walker from working "without any valid reason." *Id*. Walker claims that these incidents violated his due process rights. *Id*.

While on home confinement, Walker was required to receive permission from a counselor to leave his home. *Id*. Walker often asked his counselor, Defendant Oates, whether he could travel to his religious services. Walker states that Oates always told him that he was not allowed to go to his religious service because Muslims were not allowed to attend service. *Id*.; Doc. 1-2. Walker claims that Oates's actions violated his First Amendment Rights. Doc. 1 at 3.

Based on these facts, Walker purports to assert multiple claims, which he describes as:

> Violation of Fifth and First, and Eighth Amendment of the United States Constitution; under Federal Law. (2) Violation of U.S.C. § 1983 (due process equal protection clause). (3) Cruel and Unusual punishment, and (4) Discrimination based on religion, and Employment. (5) Negligent infliction of emotional distress, and (6) Intentionally infliction of emotion distress.

*Id*. at 1.

Walker filed his complaint on December 23, 2021, and all three defendants were properly served by January 18, 2022. Docs. 1; 3; 4; 5. Each of the three defendants failed to plead or otherwise defend against the suit. Accordingly, the Clerk of Court entered default against them on February 17, 2022. Walker now moves for default judgment, and the defendants have still made no effort to defend themselves. Doc. 7.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise." After default has been entered, the Clerk may enter a

default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance. Fed. R. Civ. P. 55(b)(1). "In all other cases, the [plaintiff] must apply to the Court for a default judgment." Fed. R. Civ. P. 55(b)(2). The Court must hold an evidentiary hearing to determine damages unless all the essential evidence is already in the record. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("We have held that no such hearing is required where all essential evidence is already of record."); *see also* Fed. R. Civ. P. 55(b)(2) ("The court *may* conduct hearings[.]" (emphasis added)).

After the Clerk's entry of default, a defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] However, an entry of default against the defendant does not establish that the plaintiff is entitled to a default judgment. The defendant is not deemed to admit facts that are not well-pleaded or conclusions of law. *Id*. "The Court must consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law. In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353 (S.D. Ga. 2004)). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015). The defendant is also not deemed to admit the

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

plaintiff's allegations relating to the amount of damages.  *Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters.").

### III. DISCUSSION

### A. Jurisdiction

The allegations in the complaint establish that the Court has federal question and supplemental jurisdiction over Walker's claims pursuant to 28 U.S.C. §§ 1331, 1367.  The allegations in the complaint also establish that the Court has personal jurisdiction over each of the defendants.

### B. Claims One Through Three

The first three claims that Walker alleges are for various constitutional violations that Walker appears to bring pursuant to 42 U.S.C. § 1983.[2]  Doc. 1 at 1.  Walker has failed to plead sufficient facts to state a claim for relief for these causes of action.  42 U.S.C. § 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

First, claims brought pursuant to § 1983 may only be against defendants acting under color of state law.  42 U.S.C. § 1983; *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).  However, Walker has not alleged that any of the

---

[2] Specifically, Walker alleges "(1) Violation of Fifth and First, and Eight Amendment of the United States Constitution; under Federal Law.  (2) Violation of U.S.C. § 1983 (due process equal protection clause).  (3) Cruel and Unusual punishment."  Doc. 1 at 1.

defendants were acting under color of state law. Rather, Walker alleges that Johnson and Oates were employed by Dismas Charities, which he alleges is a business in the State of Georgia. Doc. 1 at 2. Walker does state that Dismas Charities is "a business under the Federal Bureau of Prisons." *Id*. at 2. This appears to be an allegation that Dismas Charities, a private business, contracts with the Bureau of Prisons. But § 1983 applies only to state actors, not federal actors. *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973).

Walker may have intended to assert a *Bivens* claim against the defendants.[3] An implied constitutional damages remedy against federal officials in their individual capacities has been recognized by the Supreme Court in three contexts: under the Fourth Amendment for an unreasonable seizure arising from a warrantless arrest of a man in his home, *Bivens*, 403 U.S. at 396; under the Fifth Amendment for gender discrimination arising from the termination of a congressional aide, *Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and under the Eighth Amendment arising from the failure to provide medical care to a prisoner, *Carlson v. Green*, 446 U.S. 14, 19 (1980). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). Since those cases were decided, the Supreme Court has "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857 (collecting cases).

---

[3] In *Bivens v. Six Unknown Fed. Narcotics Agents*, the Supreme Court found that there is an implied right of action arising directly under the Constitution for damages against federal officers, in limited situations, when a plaintiff's constitutional rights have been violated by a federal officer acting under the color of federal law. 403 U.S. 388, 389 (1971).

Determining the viability of a *Bivens* claim requires a "two-step inquiry." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). First, the court must ask whether the claim "arises in a 'new context' or involves a 'new category of defendants'" different from those in *Bivens*, *Davis*, or *Carlson*. *Id.* (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). The answer is almost always yes because a context is "new" if a claim differs in any "meaningful way … even if it is based on the same constitutional provision" as the claims in those cases. *Id.* For example, a case might differ in a meaningful way "because of the rank of the officers involved" or because of "the generality or specificity of the official action." *Abbasi*, 137 S. Ct. at 1860. When a case arises in a new context, the court "must proceed to the next step and ask whether there are factors that counsel" against implying a *Bivens* remedy in such a context. *Hernandez*, 140 S. Ct. at 744. To "be a 'special factor counselling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative." *Abbasi*, 137 S. Ct. at 1858.

First, as to Dismas Charities, the Supreme Court has unequivocally held that private businesses that operate halfway houses under contract with the Bureau of Prisons are not liable under *Bivens*. *Malesko*, 534 U.S. at 63. Accordingly, Walker's claims against Dismas Charities fail without the need for further analysis. Whether Johnson and Oates can be liable under *Bivens* is a closer call. *See Bujduveanu v. Dismas Charities, Inc.*, 2012 WL 13129842, at *9 (S.D. Fla. Feb. 7, 2012) (noting that there is a both a split among the circuits and among the district courts in the Eleventh Circuit as to whether employees of a private prison can be considered federal officers for the purposes of *Bivens*.). However, even assuming that Johnson and Oates were

acting as federal officers, Walker still has failed to state a possible *Bivens* claim against them.

### 1. Walker's Bivens Claims are "New Context" Claims

Assuming Walker intended to allege *Bivens* claims, they are new context claims. Specifically, Walker alleges that he was under the supervision of a federally operated half-way house when his claims arose, which is different than any of the three *Bivens* claims the Supreme Court has previously approved. More differences could be cited, but that is enough—particularly given Walker's failure to even mention *Bivens,* much less argue that his claims are not "new context" claims.[4]

### 2. Special Factors Counsel Against Extending a Bivens Remedy

When a case presents a new *Bivens* context, the Court must assess if "special factors counsel[] hesitation in the absence of affirmative action by Congress." *Abbasi*, 137 S. Ct. at 1857. Those factors include whether "alternative avenues for compensation" exist, and "the risk of interfering with the authority of the other branches" of government. *Hernandez*, 140 S. Ct. at 743, 749. In short, the special factors inquiry focuses "on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1857-58.

Here, Walker was under the supervision of Dismas Charities while serving the remainder of his prison sentence under home confinement. Since *Bivens* was

---

[4] Although Walker lists "cruel and unusual punishment" as a claim he asserts, the facts in Walker's case are very different than those in *Carlson*. In *Carlson*, the plaintiff was housed in a federal prison and was denied necessary medical treatment. 446 U.S. at 16 n.1. Walker, however, alleges no facts that occurred while he was housed in a prison, and he does not allege that officials—prison or otherwise—were deliberately indifferent to his medical needs. Accordingly, despite Walker *mentioning* the same broad category of claim that was alleged in *Carlson*, the context of his case is meaningfully different.

decided—and perhaps more importantly, *Carlson,* the case that found a *Bivens* remedy was available for an Eighth Amendment deliberate indifference to medical needs claim—Congress passed the Prison Litigation Reform Act of 1995 ("PLRA"). 42 U.S.C. § 1997e. The PLRA not only failed to provide a damages remedy for federal inmates serving the remainder of their sentence in home confinement, but it also failed to provide a remedy against federal jailers completely. *Abbasi*, 137 S.Ct. at 1865. Thus, the Court finds that there are sound reasons that Congress might doubt the necessity of a damages remedy in Walker's situation.

Accordingly, because Walker has not alleged that any of the defendants are state actors or were operating under state law, his § 1983 claims (claims one through three) fail. And to the extent Walker meant to allege a *Bivens* claim, there are special factors that counsel against extending that remedy to Walker's circumstances. Thus, Walker is not entitled to default judgment for claims one through three.

**C. Claim Four**

In Walker's list of claims in the introductory paragraph of his complaint, he includes a claim for employment discrimination based on religion. Doc. 1 at 1. Walker's only factual allegation that could possibly support this claim is that Defendant Johnson twice stopped him from working without a valid reason. *Id*. at 3. Although Walker mentions that he is Muslim in a different part of his complaint, he does not allege that his religion had anything to do with Johnson stopping him from working. Accordingly, Walker has not alleged facts sufficient to state a claim for employment discrimination based on his religion, and he is not entitled to default judgment for claim four.

**D. Claims Five and Six**

Finally, Walker asserts state law claims for negligent and intentional infliction of emotional distress.  *Id*. at 1.  An element for both of these claims is mental suffering or emotional distress.  *Wilson v. Allen*, 272 Ga. App. 172, 173-74, 612 S.E.2d 39, 41 (2005); *Mears v. Gulfstream Aerospace Corp*., 225 Ga. App. 636, 638, 484 S.E.2d 659, 663 (1997).  However, Walker does not allege that he actually suffered mental suffering or emotional distress from the defendants' actions.  In fact, like most claims Walker attempts to allege, he does not mention these claims outside of the introductory paragraph in his complaint or support them with factual allegations.[5]  Accordingly, Walker is not entitled to default judgment for claims five or six.[6]

### IV. CONCLUSION

In conclusion, Walker has failed to establish that he is entitled to a default judgment.  Although Walker's *well pleaded* facts are deemed admitted, his complaint fails to state a claim upon which relief can be granted.  Accordingly, Walker's motion for default judgment (Doc. 7) is **DENIED without prejudice**.  Because Walker's complaint

---

[5] Moreover, Walker's motion for default judgment does not list the claims for which he seeks judgment or argue that the facts alleged in his complaint, deemed admitted, state a valid claim.  Doc. 7.

[6] In a single sentence in his complaint, Walker mentions a potential claim pursuant to 42 U.S.C. § 1985.  42 U.S.C. § 1985(3) creates a private right of action against persons who conspire "for the purpose of depriving … any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  *See Farese v. Scherer*, 342 F.3d 1223, 1229 n.7 (11th Cir. 2003).  The Eleventh Circuit has stated that § 1985(3) protects two types of classes: (1) "those kinds of classes offered special protection under the equal protection clause, and (2) classes that Congress was trying to protect when it enacted the Ku Klux Klan Act."  *Childree v. UAP/GA Ag Chem, Inc*., 92 F.3d 1140, 1147 (11th Cir. 1996).  The elements of a § 1985(3) claim are "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  *Id*. (citing *Lucero v. Operation Rescue*, 954 F.2d 624, 627 (11th Cir. 1992)).  However, Walker has not alleged that the defendants entered into any sort of conspiracy agreement or acted upon that agreement.  Rather, Walker merely concludes that the defendants conspired together to deprive him of rights without including any specific factual allegations.  Thus, Walker has not properly alleged the elements of a § 1985(3) claim.  Accordingly, to the extent Walker intended to allege a 42 U.S.C. § 1985(3) claim, he is not entitled to default judgment on it.

fails to state a claim upon which relief may be granted, Walker is **ORDERED** to recast his complaint so that it does by **June 2, 2022**.

The recast complaint will take the place of and supersede Walker's original complaint (Doc. 1). *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013) (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982)). Walker may not refer to, or incorporate by reference, his previous complaint or its attachment. The Court will not look back to the facts alleged in the original complaint once the recast complaint is filed; the Court will only consider the facts in the recast complaint when it conducts the frivolity review required by § 1915A. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

Walker should ensure that his recast complaint identifies any and all defendants, relief sought, and additional facts he wishes to make a part of this lawsuit. Specifically, the amended complaint must contain a caption in the heading of the complaint that clearly identifies, by name, each individual that Walker has a claim against and wishes to include as a defendant in the present lawsuit. Walker is to name only defendants associated with the claim or related claims that he is pursuing in this action. *Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015) (citing Fed. R. Civ. P. 20(a)). Walker must list each defendant again in the body of his complaint and tell the Court exactly how that defendant violated his rights. If Walker does not link a defendant to a claim, the claim will be dismissed. Likewise, if Walker makes no allegations in the body of his complaint against a named defendant, that defendant will

be dismissed.  Finally, it will be Walker's responsibility to properly serve the amended complaint on the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**SO ORDERED**, this 12th day of May, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
